UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ANTHONY COOPER,

    Petitioner,

v.                                        Case No. 8:21-cv-1938-CEH-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Cooper's amended petition for the writ of habeas corpus (Doc. 19). Respondent moves to dismiss Cooper's claims in the amended petition as time-barred under the applicable statute of limitations (Doc. 20). Cooper opposes the motion (Doc. 21). Upon consideration, the motion to dismiss will be granted.

PROCEDURAL HISTORY

Cooper was convicted of aggravated battery (count one) and resisting, obstructing, or opposing an officer without violence (count two) (Doc. 8-2, Ex. 16). He was sentenced to fifteen years in prison on count one and to time served on count two (*Id.*, Ex. 18). The state appellate court affirmed Cooper's convictions and sentences on February 16, 2018 (*Id.*, Ex. 23).

On May 15, 2018, Cooper filed a motion to mitigate sentence under Florida Rule of

1

Criminal Procedure 3.800(c) (*Id.*, Ex. 25). The motion was denied on June 12, 2018 (*Id.*, Ex. 26). On April 1, 2019, Cooper filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 (*Id.*, Ex. 27). The motion was denied by the state post-conviction court (*Id.*, Ex. 29). The state appellate court affirmed (*id.*, Ex. 33), and the appellate mandate issued on June 18, 2021 (*Id.*, Ex. 34).

Cooper filed his initial federal habeas petition on August 9, 2021 (Doc. 1), in which he raised four claims:

1. The trial court erred in failing to instruct the jury on the justifiable use of deadly and non-deadly force.

2. The trial court erred in admitting irrelevant and prejudicial testimony from Lavonda Cooper.

3. The trial court erred in allowing a juror who was not fair and impartial to serve.

4. The trial court erred in failing to grant a motion for mistrial based on a discovery violation by the State.

Respondent filed a response to the petition (Doc. 8), arguing that the claims warranted no relief because each ground failed to assert a federal claim, and none of the grounds was presented as a federal claim in state court.

On October 19, 2023, Cooper filed his "Reply to Respondents (sic) Response" (Doc. 17), in which he moved for leave to file an amended petition to cure the "procedural flaws" in the petition caused by his "level of education and law comprehension" and an

2

"incompetent and unqualified [prison] law clerk." The Court granted Cooper's motion to amend (Doc. 18), cautioning him that the amended petition "must include all of [his] claims challenging his State conviction." Cooper filed his amended petition on May 31, 2024 (Doc. 19), in which he raised six claims:

1. Trial counsel was ineffective in failing to obtain medical records timely.

2. Trial counsel was ineffective in failing to impeach Lavonda Cooper with inconsistent statements.

3. Trial counsel was ineffective in failing to investigate and present a credible defense properly.

4. Trial counsel was ineffective in failing to move to dismiss based on self-defense immunity.

5. The trial court erred by failing to conduct a hearing required by Florida Rule of Criminal Procedure 3.191.

6. The trial court committed fundamental error by instructing the jury on both great bodily harm and the use of a deadly weapon without providing interrogatory questions for the jury to make actual findings.

ANALYSIS

Respondent moves to dismiss the amended petition (Doc. 20), arguing all claims are time-barred. The Anti–Terrorism and Effective Death Penalty Act ("AEDPA") created a limitations period for petitions for writ of habeas corpus filed under 28 U.S.C. § 2254. "A 1-

year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Cooper's convictions were final on May 17, 2018, when the time (90 days) expired for petitioning the Supreme Court for certiorari review following the February 16, 2018, affirmance on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Before the AEDPA's limitation period started, it was tolled when Cooper filed his Rule 3.800(c) motion on May 15, 2018. The limitations period remained tolled until the motion was denied on June 12, 2018.[1]

The limitations period ran for 293 days before it was tolled by Cooper's Rule 3.850 motion filed on April 1, 2019. The limitations period remained tolled until June 18, 2021, when the mandate was issued on appeal from the denial of the motion. Another 52 days of

---

[1] The limitations period was not tolled during the 30 days in which orders are generally appealable because orders denying Rule 3.800(c) motions are not appealable. *See Childers v. State*, 972 So. 2d 307, 309 (Fla. 2d DCA 2008) ("A rule 3.800(c) motion is directed to a circuit court's absolute discretion, and the court's ruling cannot be appealed.").

the limitations period elapsed when Cooper filed his initial habeas petition in this Court on August 9, 2021. Thus, the initial habeas petition was filed before the limitations period expired (293 days + 52 days = 345 days). Consequently, the claims raised in the initial petition are not time-barred.

The claims raised in the amended petition, however, are untimely. When Cooper filed his initial petition, the AEDPA statute of limitations was not tolled. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) ("[A] properly filed federal habeas petition does not toll the limitation period."). Thus, the AEDPA's limitations period expired on Monday, August 30, 2021, 20 days after Cooper filed his initial habeas petition on August 9, 2021. Consequently, Cooper's claims in his amended petition are time-barred unless they relate back to claims presented in the initial petition. *See Mayle v. Felix*, 545 U.S. 644, 648-50 (2005).

"A claim 'relates back' to the date of the original pleading if it 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Philistin v. Warden*, 701 F. App'x 908, 909–10 (11th Cir. 2017) (quoting Fed. R. Civ. P. 15(c)(1)(B)). An untimely claim must have arisen from the same facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type. *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (quotations omitted) (citations omitted).

Here, the claims in the amended petition did not arise from the same set of facts as

5

the claims in Cooper's initial petition but arose from separate conduct and occurrences in either time or type. First, Grounds One, Three, Four, and Five differ in time from the initial petition because they concern events before trial, but the claims in the initial petition concern events during trial. Second, Grounds One, Two, Three, and Four of the amended petition differ in type from the claims in the initial petition because the new claims concern ineffective assistance of trial counsel, yet the initial petition concerns errors by the trial court. *See, e.g.*, *Sallee v. Nail*, 2022 WL 22629257, at *4 (N.D. Ga. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 22629258 (N.D. Ga. Mar. 21, 2022) ("Although they arise out of the same nexus of fact as Ground 6, Petitioner's claims of substantive trial court error and constructive amendment to the indictment are materially different in type from the claim of ineffective assistance of counsel in Ground 6." (citing *Davenport*, 217 F.3d at 1344; *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002))); *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (trial court's denial of motion did not share common core of operative facts with claims about trial counsel's failure to timely file said motion because one claim was based on the trial court's alleged error, while the other was based on trial counsel's alleged failures). Moreover, the facts underlying the claims in the amended petition do not concern the same facts supporting the trial error claims in the initial petition. Thus, the claims in the amended petition do not relate back to the date of Cooper's initial petition, and they are untimely.

To the extent that Cooper implicitly argues entitlement to equitable tolling of the

limitations period (*see* Doc. 21 at pp. 1-2; Doc. 19 at p. 16; Doc. 17 at p. 1), nothing he has presented demonstrates that his untimely filing resulted from circumstances beyond his control and unavoidable with diligence. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Neither ignorance of the law nor negligence of a prison law clerk is an extraordinary circumstance that justifies equitable tolling. *See Perez v. Fla.*, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file [a federal habeas petition] in a timely fashion."); *Foley v. United States*, 420 F. App'x 941, 942 (11th Cir. 2011) (reliance upon erroneous advice from prison law clerk does not warrant equitable tolling); *Mendoza v. Att'y Gen. of Fla.*, 2017 WL 6403505, at *5 (11th Cir. Apr. 13, 2017) ("[A]ny reliance on an inmate law clerk does not justify equitable tolling."). And Cooper was not diligent, having waited more than two years after Respondent responded to his initial petition to move to amend his petition (*See* Docs. 8, 17).

Finally, Cooper appears to imply that he omitted from his amended petition the four claims raised in the initial petition because he was confused by language in the Court's order granting his motion to amend, stating, "The amended petition will be a free-standing document and must not incorporate by reference the claims and facts in the initial petition."

(*See* Docs. 18 at p. 2; Doc. 21 at p. 2). There is nothing ambiguous about that language. And even if Cooper had included the four claims in his initial petition in his amended petition, they would have been denied for the reasons set forth in Respondent's response to the initial petition (failing to raise a claim cognizable on habeas review; procedurally barred from review) (*See* Doc. 8).

Accordingly:

1. Cooper's amended petition for the writ of habeas corpus (Doc. 19) is **DISMISSED** as time-barred.

2. If Cooper appeals the dismissal of the amended petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is unwarranted, Cooper may not appeal *in forma pauperis*.

3. The Clerk of the Court is directed to close this case.

      **ORDERED** in Tampa, Florida, on April 11, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of Record